DUKE POWER COMPANY v. WALTER JAMES HOGAN
AND WIFE, MARIE HOGAN

No. 7225SC702

(Filed 22 November 1972)

Injunctions § 14— permanent injunction — hearing on show cause order
for temporary injunction

   The trial court erred in permanently restraining defendants from interfering with a power company's entry on their land to survey its right-of-way upon a hearing had on the return of a show cause order seeking a temporary injunction, particularly since the judgment was entered over defendants' objection when no answer had been filed and defendants had only two days notice.

APPEAL by defendants from *Grist, Judge,* June 1972 Session, Superior Court, CATAWBA County.

On 2 June 1972, plaintiff commenced an action seeking to have defendants "permanently enjoined from interfering, threatening to interfere, or in any other manner or by any other means preventing the employees, officers and servants of plaintiff from entering upon its (sic) land and performing and accomplishing its requisite surveys for the purposes stated above." The complaint alleged that defendants had forbidden plaintiff to enter on their lands for the purpose of determining

by survey the exact location of the right-of-way required by it over their lands. Plaintiff also prayed for the issuance of a temporary injunction.

On 5 June 1972, Judge Grist signed an order requiring defendants to appear on 14 June 1972 and show cause why a temporary restraining order, as prayed for by plaintiff, should not be granted. This order, a copy of the complaint, and a copy of affidavit filed by plaintiff, were served on defendants on 12 June 1972. Defendants filed two affidavits on 14 June 1972, but did not answer the complaint.

On 15 June 1972, Judge Grist entered a permanent restraining order permitting plaintiff to go upon the land and survey its line indicated on an attached aerial photograph and ordering defendants not to interfere in any manner.

From the entry of this judgment defendants appealed.

*Townsend and Todd, by J. R. Todd, Jr., for plaintiff appellee.*

*Wilson and Palmer, by Hugh M. Wilson, for defendant appellants.*

MORRIS, Judge.

Appellants contend that a final and permanent restraining order has been entered against them without their having sufficient notice, without their having filed answer, and without their having had opportunity to present evidence on the merits of the case. We are of the opinion that their position is well taken.

The record shows that they received the only notice of this action on 12 June 1972, when the summons, complaint, bond, two affidavits, and the show cause order were served on them. The show cause order required them to appear on 14 June and show cause why a temporary restraining order should not issue. They appeared as directed and presented two affidavits which, they argue, were necessarily hastily prepared.

On 15 June 1972, an order was entered which by its language is not a *temporary* restraining order but a permanent restraining order and a final order in the action.

G.S. 40-3 gives plaintiff the right to go upon defendants' lands to make a survey of the route over which it proposes to put its lines. This defendants concede. Nevertheless, we are of the opinion that the court erred in entering a final order permanently restraining defendants upon a hearing had on the return of a show cause order seeking a temporary injunction; particularly where, as here, the judgment was entered over defendants' objection when no answer had been filed and defendants had only two days notice.

The judgment of the trial court is, therefore, reversed and the cause remanded for further proceedings.

Reversed.

Judges CAMPBELL and PARKER concur.